

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**U.S. COURTHOUSE**
**402 E. STATE STREET**
**TRENTON, NEW JERSEY 08608**

**Hon. Michael B. Kaplan**                                                                                             **609-858-9360**
**Chief Judge, United States Bankruptcy Court**

June 20, 2023

Robert Earl McClees, Sr.,
*Self-Represented*
126 Oliver Avenue
Trenton, NJ 08618

Albert Russo, Esq.
*Standing Chapter 13 Trustee*
CN 4853
Trenton, NJ 08650

        Re:    Robert Earl McClees, Sr. Debtor
                Case No. 22-18444 (MBK)
                <u>Motion for Reconsideration</u>

Parties and Counsel:

The Court has heard oral arguments and has reviewed the submissions filed in the above referenced matter. The Court issues the following ruling:

This matter is before the Court by way of Debtor, Robert Earl McClees' ("Debtor") Motion to Reconsider this Court's prior orders, entered on April 28, 2023, Denying Debtor's Motion to Vacate Dismissal (ECF No. 42, Case No, 22-18444) and Motion Re: Cease and Desist Attempts to Evict (ECF No. 41, Case No, 22-18444). The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy

cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (L) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[1]

This case was filed on October 25, 2022, a little over four months after an earlier chapter 13 case filed by the Debtor (Case No. 22-12187) had been dismissed at the request of the Standing Chapter 13 Trustee, based on several objections, including failure to prosecute the case. Both the prior and current chapter 13 cases were filed by Debtor to address the ongoing eviction action with respect to the Debtor's residence at 126 Oliver Avenue, Trenton, NJ ("Property"). In both cases, Debtor filed statements reflecting the existence of a judgment of possession, and in both cases, Debtor failed to comply with the certification requirement(s) of 11 U.S.C. § 362(l)(1) (ECF Nos. 5 & 7, Case No. 22-18444; ECF Nos. 7 & 9, Case No. 22-12187). Thus, the exception to the automatic stay pursuant to 11 U.S.C. § 362(b)(22) applies in this case and the eviction process can continue. It appears that at one point in time, Debtor owned the Property, but lost title as part of an *in rem* tax foreclosure. In this regard, Debtor acknowledged in a filing with the Court, made subsequent to the dismissal of his prior case, his intent to resolve any ownership issue by pursuing a contractual resolution with the landlord outside of the bankruptcy (ECF No. 30, Case No. 22-12187).

A confirmation hearing was set initially for the present chapter 13 case for January 11, 2023. On January 10, 2023, the Standing Chapter 13 Trustee filed an Objection to Confirmation (ECF No. 27) which detailed various inadequacies with respect to the Debtor's plan, information disclosures and proof of income; as a result, the confirmation hearing was adjourned to March 8,

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

2023, to allow the Debtor to address the deficiencies. On March 6, 2023, Debtor filed his Motion Re: Cease and Desist Attempts to Evict; however, Debtor failed to appear at the scheduled confirmation hearing, or adequately address the noted deficiencies. The Court entered an order dismissing the case on March 9, 2023. Thereafter, Debtor filed his Motion to Vacate the Dismissal, which was heard and denied by the Court. As a result, Debtor's Motion Re: Cease and Desist Attempts to Evict likewise was denied as moot.

The thrust of Debtor's argument, both on the Motion to Vacate the Dismissal and the present Motion for Reconsideration, rests upon his mistaken belief that he is entitled to a discharge of any indebtedness due the landlord, pursuant to Fed R. Bank. P. 4004(a). This rule, however, simply requires a creditor to file a motion objecting to a debtor's discharge under 11 U.S.C. § 1328(f) within sixty days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a). Section 1328(f) addresses a narrow factual situation in which a debtor has received a bankruptcy discharge in prior cases filed within 2-4 years preceding the new case. Neither the limitations under FED. R. BANKR. P. 4004(a) nor 11 U.S.C. § 1328(f) apply in Mr. McClees' case. Rather, 11 U.S.C. § 1328(a) requires that Debtor first complete all payments under a confirmed plan before he would be entitled to a discharge. Moreover, the discharge would affect only Debtor's *in personam* (personal) liability, and not any *in rem* liability (those liabilities which run only with the land, such as real property taxes).

Debtor's remaining arguments are bottomed on his efforts to challenge the validity of the tax foreclosure and transfer of title to the Property. However, at no time has Debtor contested that title to the Property is held by third parties. The Court's decision to deny the Motion to Vacate the Dismissal rested primarily on the Debtor's inability, and this Court's lack of authority, to address through a chapter 13 plan the title issues relative to non-debtor property, or the propriety of the underlying tax foreclosure or eviction. Simply put, it makes little sense to allow the Debtor to

3

reinstate a case, without either the benefit of the automatic stay or the ability to recover the Property. Moreover, the deficiencies identified by the Standing Chapter 13 Trustee have never been remedied.

For the reasons herein, the Debtor's Motion for Reconsideration will be denied. Reconsideration is an extraordinary remedy and is only appropriate in select and narrow instances. *Stivala Invs., Inc. v. Atl. Nat"l Trust LLC*, 394 B.R. 778, 780 (Bankr. M.D. Pa. 2008). Rule 60(b) of the Federal Rules of Civil Procedure is applicable to bankruptcy cases pursuant to FED. R. BANKR. P. 9024, which provides that a request for reconsideration must "rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." [2] *Walzer v. Muriel Siebert & Co., Inc.,* 2010 WL 4366197 (D.N.J. 2010) (citing *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *Daewoo Electronics America, Inc. v. T.C.L Industries Holdings Limited*, 2010 WL 4624051 (D.N.J. 2010) (citing *G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990)). Put differently, "a motion for reconsideration will not be used as a vehicle to reargue the motion or to present evidence which should have been raised before." *In re Christie*, 222 B.R. 64, 67-68 (Bankr. D.N.J. 1998).

Mr. McClees has not met his burden by demonstrating any of the three above-referenced grounds to grant relief under FED. R. CIV. P. 60(b). Rather, the Court remains steadfast in its judgment that Debtor was unable to confirm his plan that was before the Court prior to dismissal of the case. Importantly, dismissal of the chapter 13 case does not impair the Debtor's ability to

---

[2] Rule 9024 provides, in full: "Rule 60 F.R.C.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330."

4

address the validity of the eviction process in the state courts or obtain a discharge of any of his personal debts through a new chapter 7 filing.

The Court notes further that it is barred, pursuant to the "*Rooker-Feldman* Doctrine," from sitting in direct review of either the state court tax foreclosure or eviction proceedings. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine applies when the following four requirements are fulfilled: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the same judgments.' " *Great Western Mining & Mineral Co. v. Fox Fothschild, L.L.P.*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005)). Moreover, the Courts in this Circuit have consistently found *Rooker-Feldman* to be applicable and a bar to plaintiff's relief in a federal district court in the context of state foreclosure actions. *See Kushner v. Wachovia Bank, N.A.*, 2010 WL 5094551 (D.N.J.2010) (finding that a federal district court "cannot directly or indirectly review, negate, void, or provide relief that would invalidate a decision in a State Foreclosure Action"); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 Fed.Appx. 149,152-53 (3d Cir. 2008) (affirming judgment dismissing claim concerning state foreclosure action as barred by the *Rooker-Feldman* doctrine because plaintiff sought redress from a state court judgment).

In conclusion, the Court rules that Debtor has not satisfied the high burden of establishing adequate grounds for reconsideration. Accordingly, the Court denies the Debtor's Motion for Reconsideration. The Court will enter an appropriate order.

5

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge

6